UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-cv-290

| | |
|---|---|
| MIRANDA HATHAWAY, by and through biological mother, natural guardian, next friend and guardian ad litem ANGELA HATHAWAY, and on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMALLCAKES STEELE CREEK, LLC, SMALLCAKES BALLANTYNE, LLC, IAN BOWLEG and AYANNA BOWLEG,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Miranda Hathaway by and through biological mother, natural guardian, next friend and guardian ad litem Angela Hathaway, on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, brings this action against Smallcakes Steele Creek, LLC, Smallcakes Ballantyne, LLC, Ian Bowleg and Ayanna Bowleg (collectively, "Defendants"), and hereby alleges upon personal knowledge and information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, individually, and all other similarly situated current and former non-exempt hourly tipped employees of the Defendants, who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that they are entitled to, (i) misappropriated tips and (ii) statutory penalties,

including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. §§ 207, 216(b), 29 C.F.R. 531.52.

2. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina (the "North Carolina Class") that Defendants violated the NCWHA by failing to pay all wages earned as promised and made unauthorized deductions and that Plaintiffs are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

## THE PARTIES

3. Plaintiff Miranda Hathaway is a minor individual who is a resident of Charlotte, North Carolina and has worked at Smallcakes Ballantyne, LLC since January 2, 2021. An executed consent form for Ms. Hathaway is attached hereto and made a part hereof as Exhibit A.

4. Smallcakes Ballantyne, LLC ("Smallcakes Ballantyne"), is a North Carolina Limited Liability Company with its principal office at 13855 Conlan Circle, Charlotte, North Carolina.

5. Smallcakes Steele Creek ("Smallcakes Steele Creek"), LLC, is a North Carolina Limited Liability Company with its principal office at 4847 Shopton Road, Charlotte, North Carolina.

6. Ian Bowleg is an owner/operator of Smallcakes.

7. Ayanna Bowleg is an owner/operator of Smallcakes.

8. Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this

Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

9. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

10. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, and all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

11. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiffs and the putative class herein.

12. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint,

concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

13. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants Ian Bowleg and Ayanna Bowleg made all decisions on a daily basis regarding pay policies and exerted financial and operative control of Smallcakes and are therefore individually liable under the FLSA and the NCWHA.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

15. This Court has personal jurisdiction because Defendants conduct business in Mecklenburg County, North Carolina, which is located within this judicial district.

16. Venue is proper in this judicial district because Defendants have substantial business contacts in this district, because the named Plaintiffs reside in Mecklenburg County, North Carolina, and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

17. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

18. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

19. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

21. At all times hereinafter mentioned, Smallcakes has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

22. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

23. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

24. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

25. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

26. Smallcakes Ballantyne and Smallcakes Steele Creek are franchised cupcake bakeries and creamery, selling cupcakes, ice cream and other products.

27. Plaintiff began working at Smallcakes Ballantyne as a cashier on or about January 2, 2021. Smallcakes Steele Creek was already in existence and had been operating for several years at that time.

28. When she was hired, Plaintiff's hourly rate was $10.00. Having worked in the service industry before, Plaintiff was aware that patrons customarily tip service industry workers and this was Plaintiff's expectation and understanding when she began working at Smallcakes Ballantyne.

29. Although there was a tip jar on the counter at Smallcakes Ballantyne, most of the patrons paid by credit card and tipped their servers by responding to a prompt on the credit card screen.

30. Plaintiff was aware that the tips collected via the credit card processing system were significant. In at least one instance, a patron tipped Plaintiff $30.00 for a single order.

31. The credit card processing machine is set up to add a voluntary tip ranging from 15% to 30% and, on information and belief, most customers readily add the 20% tip.

32. The tips collected in the tip jar, the only tips Plaintiff and similarly situated employees were allowed to keep, were significantly less than the tips collected through credit cards.

33. Plaintiff and other similarly situated employees at Smallcakes were permitted to retain the pooled tips collected in the tip jar, but Smallcakes retained for itself all tips collected via the credit card processing system.

34. When Plaintiff realized that Smallcakes was not paying her any tips that were processed through credit cards, she questioned Ian Bowleg about Smallcakes' tip policy.

35. Plaintiff was informed in no uncertain terms that Smallcakes believed it was permitted to retain for itself all tips processed through credit cards because it paid cashiers at least minimum wage.

36. Defendant Ian Bowleg explained to Plaintiff that Smallcakes opted to pay quarterly "bonuses" in lieu of paying cashiers the tips they earned that are paid through credit cards.

37. Smallcakes Steele Creek did not pay out bonuses to compensate for the withheld credit card tips.

38. Smallcakes Ballantyne paid Plaintiff and other similarly situated employees one such "bonus" in February of 2021, paying $100 each to five employees. One employee did not receive a bonus even though she had worked and received tips during her shifts.

39. Defendant Ian Bowleg has freely admitted that the tips collected exceeded the $500 Smallcakes paid in "bonuses."

40. Defendants Ian and Ayanna Bowleg have freely admitted that Smallcakes has a policy and practice that includes retaining the tips earned by Plaintiff and other similarly situated employees and using the tips to build their business. For instance, they have freely admitted that one of the ways they use Plaintiff's tips is to offer customers free coffee on Saturdays with purchase while a neighboring Starbucks was closed for renovations.

41. After Plaintiff questioned Defendants about the tip policy, she had a three-hour long meeting with Defendant Ian Bowleg on April 24, 2021.

42. During that meeting, Bowleg again explained the tip policy and insisted that Defendants could legally retain the tips earned by their employees.

43. During the meeting, Bowleg admitted that he and Ayanna Bowleg personally set up the tip policy at both Smallcakes locations.

44. During the meeting, Bowleg insisted that all tips belonged to Smallcakes, not the individual employees. He stated that the owners work the most so they should receive most of the tips.

45. Bowleg stated that Smallcakes' employees are paid only their hourly rate and all tips are discretionary bonuses. He stated that customers are leaving the tip to the company that they simply "hope" will get to the employee.

46. During the meeting, Bowleg boasted to Plaintiff that when Ayanna Bowleg cashes out the register she comes home with a "wad of cash" everytime. He reiterated that all employees work per hour at their hourly rate and get an equal discretionary bonus and it does not matter if a customer tips $10 or $1000 dollars.

47. Bowleg asked Plaintiff, "I own the building. I own the register. Who gets the bigger tip?"

48. Bowleg stated that the credit card tips are what allows Smallcakes to stay in business and without the tip income, Smallcakes would shut down and all employees would be out of a job. He stated that Smallcakes' practice of retaining the tips of their employees gives their employees the opportunity to have and keep their jobs.

49. Bowleg stated that he has expenses too and needs to keep the tips and he cannot really worry about other people's personal stuff.

50. Bowleg stated that he needs to use some of the tip money to give customers an incentive to come in because if the customers do not come in, then the business shuts down and Plaintiff and other similarly situated employees would be out of a job.

51. Bowleg stated that when Smallcakes is out of debt and making money, he would consider paying employees their earned tips again.

52. During the meeting, Bowleg also made numerous direct and indirect retaliatory threats if Plaintiff continued to push the issue of tip withholding.

53. For instance, Bowleg threatened to:

a. Take away the tip jar so everyone suffers and Plaintiff and other similarly situated employees would not even receive cash tips;

b. Terminate Plaintiff and other similarly situated employees if their level of service declines after tip jar is taken away and they have no incentive to provide good service;

c. Disable the tipping function on the cash register so no tips could be processed;

d. Hang a sign informing patrons that the entire store (including the owners) were "serving" them, not only the individual employee who actually served them;

e. Remove the personalized log-in on the cash register so all tips appeared to be received by Smallcakes, not the individual employee who earned the tip; and

f. Spend more time working in the store personally and cut the hours of Plaintiff and other similarly situated employees and then earn and keep all the tips for himself;

g. Pay the earned tips to Plaintiff and other similarly situated employees and then not have enough money to stay in business, resulting in all employees losing their jobs.

54. Toward the end of the meeting, Bowleg stated that he would discuss the situation with Ayanna Bowleg and decide how to handle Plaintiffs complaints about the tip policy.

55. Plaintiff expressed concern that she did not want the solution to be retaliatory and Bowleg stated that she cannot raise an issue like this and not expect things to change.

56. After the meeting, the Bowlegs carried out all Ian Bowleg's retaliatory threats.

57. For instance, they:

a. Removed the tip jar from the counter;

b. Removed the individual log-in on the cash register to a universal log-in for "SmallcakesBallantyne" itself so that the tips were no longer recorded as being received as associated with the employee who provided the service, but rather, made it appear that Smallcakes itself received all the credit card tips; Had a formal sign made that read: "Serving You is OUR Pleasure! Thank you, Smallcakes Ballantyne!" and hung it prominently near the cash register;

c. Disabled the tipping function on the cash register during Plaintiff's shifts only; and

d. Drastically cut Plaintiffs hours from 20 hours per week to five hours per week.

58. During this meeting, Bowleg repeatedly promised that another "bonus" would be forthcoming shortly and that it would be significant. He admitted, however, that it would not represent all the tips earned by Plaintiffs and other similarly situated employees.

59. On May 5, 2021, Defendants Ian and Ayanna Bowleg held a team meeting in which they reiterated Smallcakes' unlawful tip policy that allowed Defendants to retain the tips earned by Plaintiff and other similarly situated employees.

60. Defendants failed to pay Plaintiff and other similarly situated employees the tip "bonus" that was promised during the April 24, 2021 meeting and at other times during the course of Plaintiff's employment.

61. On May 28, 2021, during her shift, Plaintiff and her co-worker received a text from Bowleg saying "Ladies…..If we have time to be on our phones and having long conversations that means I no longer need two people closing at night. Right ??????" Neither Plaintiff nor her coworker had been on their phones at the time.

## CLASS AND COLLECTIVE ALLEGATIONS

62. Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Herself and the North Carolina Class "NC Class") for claims under the North Carolina state laws.

63. The claims under the FLSA may be pursued by those who opt in to this case pursuant to 29 U.S.C. § 216(b). The claims brought pursuant to the North Carolina state laws may be pursued by all similarly-situated persons who do not opt out of the NC Class pursuant to Fed. R. Civ. P. 23.

64. Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery.

65. The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendants and

were subject to the same compensation policies and practices, including not being paid the tips earned.

66. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. Whether Defendants paid Plaintiff and members of the Classes as promised;
   b. whether Defendants improperly retained and/or diverted any portion of the tips of Plaintiff and members of the Classes;
   c. whether Defendants provided proper notice to Plaintiff and members of the Classes before setting or changing their compensation;
   d. whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;
   e. whether Plaintiff and members of the Classes are entitled to restitution; and(i) whether Defendant is liable for attorneys' fees and costs.

67. Plaintiff will fairly and adequately protect the interests of the Classes as her interests are aligned with those of the members of the Classes. Plaintiff has no interests adverse to the Classes she seeks to represent, and she has retained competent and experienced counsel.

68. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them by Defendant.

69. Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from Defendant's illegal pay practices.

70. Defendant has acted willfully and has engaged in a continuing violation of the FLSA and North Carolina state laws.

71. Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole appropriate.

**COUNT I**
**VIOLATION OF FLSA**
**29 U.S.C. § 201,** *et seq*.
**29 C.F.R. § 531.52**
**(Collective Class Against All Defendants)**

72. Plaintiff incorporates by reference the foregoing paragraphs of the Complaint.

73. Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. 29 U.S.C. § 203(m).

74. The employer is prohibited from using an employee's tips for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

75. "A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for the customer. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer. An employer that takes a tip credit against its minimum wage obligations is prohibited from using an employee's tips for any reason other than that which is statutorily permitted in section 3(m)(2)(A): As a credit against its minimum wage obligations to the employee, or in furtherance of a tip pool limited to employees who customarily and regularly receive tips. 29 C.F.R. § 531.52(a).

76. "[A]n employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit. (1) An employer may exert control over an employee's tips only to distribute tips to the employee who received them, require employees to share tips with other employees in compliance with § 531.54, or, where the employer facilitates tip pooling by collecting and redistributing employees' tips, distribute tips to employees in a tip pool in compliance with § 531.54." 29 C.F.R. § 531.52(b).

77. In violation of the FLSA and federal regulations, Defendants regularly kept all the credit card tips earned by Plaintiff and the Collective Class.

78. Defendants knowingly, intentionally and willfully failed to pay Plaintiff and the Collective Class their full amount of tips as required by law.

79. Defendants used the tips of Plaintiff and the Collective Class for other purposes beyond what is statutorily permitted.

80. As a result of Defendants' conduct, Plaintiff is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

**COUNT II**
**VIOLATION OF NCWHA**
**N.C. Gen. Stat. §§ 95-25.2, 95-25.3**
**13 N.C.A.C. § 12.0303(c)**
**(NC Class Against All Defendants)**

81. This claim arises from Defendants' willful violation of the NCWHA, for confiscation and unlawful retention of tips belonging to Plaintiff and members of the NC Class.

82. At all times relevant, Defendants have been, and continue to be, "employers" within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

83. At all times relevant, Plaintiff and members of the NCWHA Class were "employees" within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

84. "Tips belong to the employee for whom they were left by the customer. Employees and employers may not agree that the employee will surrender tips to the employer." 13 N.C.A.C. § 12.0303(c).

85. Defendants wrongfully misappropriated tips paid to Plaintiff and members of the NCWHA Class when Defendants required its employees to share a portion of their tips with Defendants' management.

86. Defendants did not operate a valid tip pooling arrangement under N.C. Gen. Stat. § 95-25.3(f) and 13 N.C.A.C. § 12.0303(h).

87. Because Plaintiff and members of the NCWHA Class did not retain 100% of the tips that they received, Defendants violated the NCWHA, which requires that employers pay employees "all wages and tips accruing to the employee." N.C. Gen. Stat. § 95-25.6.

88. Plaintiff on behalf of herself and the members of the NC Class seeks damages in the amount of misappropriated tips, liquidated damages, interest, costs, and attorneys' fees pursuant to N.C. Gen. Stat. § 95-25.22.

89. Defendants' conduct was willful.

## COUNT III
## UNJUST ENRICHMENT
### (NC Class Against All Defendants)

90. Plaintiff incorporates by reference the foregoing paragraphs of the Complaint.

91. At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each member of the NC Class.

92. At all relevant times, Defendants had a willful policy and practice of unlawfully retaining tips earned by Plaintiff and the NC Class and used those unlawfully retained tips to grow their business.

93. Defendants retained the benefits of the fruits of the labor of Plaintiff and members of the NC Class under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

94. Defendants were unjustly enriched by failing to pay Plaintiff and members of the NC Class the credit card tips they earned.

95. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the members of the NC Class suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and members of the NC Class.

## COUNT IV
## RETALIATION IN VIOLATION OF FLSA
**(Plaintiff Hathaway Against Smallcakes Ballantyne, Ian Bowleg and Ayanna Bowleg)**

96. Plaintiff incorporates by reference the foregoing paragraphs of the Complaint.

97. It is unlawful under the FLSA, 29 U.S.C. § 215, to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA.

98. Defendants' actions alleged herein constitute adverse employment actions against Plaintiff, that continue to this day.

99. Defendants' actions are a direct result of Plaintiff making complaints that Defendants tip retention policy was unlawful.

100. In committing the wrongful acts alleged to be in violation of the FLSA anti-retaliation provision, Defendants acted willfully, not in good faith and without reasonable grounds in that they knowingly, deliberately, and intentionally threatened and intimidated Plaintiff as a direct result of her complaints.

101. As a result of Defendants' willful and intentional conduct and as set forth above, Plaintiff is entitled to recover damages in amounts to be determined at trial, liquidated and statutory damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and other compensation pursuant to the FLSA, as provided by the FLSA, 29 U.S.C § 216.

102. In addition, Plaintiff is entitled to injunctive relief against Defendants, as a result of Defendants' on-going retaliatory conduct aimed at intimidating Plaintiff from asserting her rights under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Classes:

A. Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B. Designation of this action as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of the NC Class, designation of Plaintiff as the class representative, and designation of Plaintiff's attorneys as class counsel;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NCWHA;

D. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E. An award of unpaid minimum wages to Plaintiff and the members of the Classes;

F. An award of unpaid wages and tips to Plaintiff and the members of the Classes;

G. An award of liquidated damages to Plaintiff and members of the Classes;

H. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

I. Such other and further relief as this Court deems just and proper

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
Nicole K. Haynes, NCSB#47793
John G. Hutchens III, NCSB#52214
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
         nicole@mgessnerlaw.com
         johnny@mgessnerlaw.com

*Attorneys for Plaintiffs and Putative Class/Collective*