UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-cv-290

| | |
|---|---|
| MIRANDA HATHAWAY, by and through biological mother, natural guardian, next friend and guardian ad litem ANGELA HATHAWAY, and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SMALLCAKES STEELE CREEK, LLC, SMALLCAKES BALLANTYNE, LLC, IAN BOWLEG and AYANNA BOWLEG,<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION and FACILITATE NOTICE PURSUANT TO 29 U.S.C. §216(b)** |

Plaintiff, Miranda Hathaway ("Hathaway" or "Plaintiff"), by counsel, hereby submits this Memorandum of Law in Support of Plaintiff's Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216 of the Fair Labor Standards Act, and shows the Court as follows:

## I. STATEMENT OF NATURE OF MATTER BEFORE COURT

Plaintiff Hathaway seeks conditional certification and authorization to send Court-supervised notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) of the Federal Rules of Civil Procedure for the Claims asserted under the FLSA. Defendants Smallcakes Steele Creek, LLC, Smallcakes Ballantyne, LLC, Ian Bowleg and Ayanna Bowleg (collectively, "Defendants") failed to pay Plaintiff and other similarly situated current and former non-exempt hourly employees ("Potential Plaintiffs") in accordance with the FLSA by regularly retaining all the credit card tips left by patrons and earned by Plaintiff and the Potential Potentials.

1

Plaintiff and Potential Plaintiffs are similarly situated in that they were victims of centralized policies and/or practices that resulted in Defendants' failing to provide them their full amount of tips in violation of the FLSA. The Declaration submitted by Plaintiff Hathaway in support of this Motion to Conditionally Certify a Collective Action demonstrates the existence of a group of similarly situated employees, specifically, all individuals who work or have worked for Defendants as non-exempt hourly tipped employees June 16, 2018, during the period of June 21, 2018, through the filing of this Complaint, who elect to opt-in to this action. [Exhibit A, Hathaway Decl. ¶¶ 2-19] Hathaway's Declaration establishes that Defendants have a policy, practice, and/or plan that has the effect of depriving Hathaway and Potential Plaintiffs of all tips earned by them as prescribed by the FLSA. Hathaway's Declaration also establishes that this policy, practice, or plan applied to all Potential Plaintiffs.

Hathaway believes she will be able to establish Defendants' FLSA violations at trial and/or by summary judgment, but in ruling on this Motion, the Court is not making a determination as to the merits of the case. As set forth herein, Hathaway readily meets the permissive standard applicable at this stage of the two-step certification process used by nearly all district courts. Conditional certification and notice to Potential Plaintiffs are appropriate at this point.

## II.     STATEMENT OF FACTS

Plaintiff was hired by Defendants as a cashier on or about January 2, 2021, selling cupcakes, ice cream, and other products. [Dkt. No. 1 - Complaint, ¶ 26-27.] Throughout the duration of her employment with the Defendants, patrons would regularly leave tips with their credit cards by responding to a prompt on the credit card screen. [Dkt. No. 1 - Complaint, ¶ 29-31.] Defendants, however, retained for themselves all tips collected via the credit card processing system. [Dkt. No. 1 - Complaint, ¶ 33-35, 40, 42, 59.]. Indeed, Defendants made clear time and

again that their policy and practice included retaining the tips earned by Plaintiff and Potential Plaintiffs. [Dkt. No. 1 - Complaint, ¶ 40, 42, 59.]. Defendants claimed that rather than pay employees the credit card tips, they opted instead to pay quarterly 'bonuses'; however, even when Defendants did provide such 'bonuses,' which did not regularly occur, such bonuses did not represent all the tips earned by the employees. [Dkt. No. 1 - Complaint, ¶ 36-38, 58.]. As a result, Defendants failed to pay Plaintiff and Potential Plaintiffs their full amount of tips as required by law. [Dkt. No. 1 at ¶ 78].

### III. LEGAL BASIS FOR 216(b) NOTICE TO POTENTIAL PLAINTIFFS

The issue before the Court is as follows: whether, pursuant to 29 U.S.C. §216(b), the Court should grant conditional certification of a collective action class of similarly situated hourly laborers and authorize Court-supervised notice of this action, thus allowing these individuals the opportunity to join as "opt-in plaintiffs." In the alternative, Plaintiff requests this Court authorize Court-supervised notice of this action to allow her to determine the extent of Potential Plaintiffs who were harmed by Defendants' pattern and practice of violating the FLSA.

#### A. The District Court is Authorized to Issue Notice to the Potential Plaintiffs.

The collective action provision of the FLSA allows for one or more employees to bring an action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *Hoffman-La Roche Inc. v. Sperling*, 493 U.S.165, 170 (1989). To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to authorize notice to other potential class members of their rights to "opt-in" to a plaintiff's case and form a collective action. *Id.* These early notices, authorized by the court, are helpful to protect against misleading communications by the parties, resolve disputes regarding the content of any notice, prevent the proliferation of multiple

3

Case 3:21-cv-00290-FDW-DSC   Document 11   Filed 08/17/21   Page 3 of 8

individual lawsuits, assure that the joinder of additional parties is accomplished properly and efficiently, and to expedite resolution of the dispute. *Id.* at 170-172.

### B. The Two-Step Certification Process

In deciding whether an FLSA action may proceed as a collective action, courts in the Fourth Circuit have adopted a two-step inquiry. *Adams v. Citicorp Credit Servs.*, 93 F.Supp.3d 441, 452-53 (M.D.N.C. 2015). At the initial "notice stage," the Court determines whether Plaintiff and potential opt-in plaintiffs are "similarly situated" to merit sending notice of the action to possible members of the class. If they are, additional plaintiffs are permitted to "opt-in" to the lawsuit. *Id.* (*quoting Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 519 (5th Cir. 2010)). At the notice stage,

> [p]laintiffs generally need only make a relatively modest factual showing that a common policy, scheme, or plan [that violated the law] exists. To meet this burden and to demonstrate that potential class members are similarly situated, [p]laintiffs must set forth more than vague allegations with meager factual support regarding a common policy to violate the FLSA. Their evidence need not, however, enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime.
>
> *Adams* at 453 (quoting *Mitchel v. Crosby Corp*., 2012 WL 4005535 at *2-3 (D.Md. Sept. 10, 2012)).

At this stage of the proceedings, the Court does not resolve factual disputes, make credibility determinations, or decide substantive issues on the merits. *Adams*, at 454. The second step of the two-step process usually occurs after discovery has largely been completed and allows a court the opportunity to make a final determination "of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id.* (quoting *Acevedo*, 600 F.3d at 519).

### C. Plaintiff Is Entitled to Conditional Certification by Meeting the Threshold Requirements of the Notice Stage of the Two-Step Certification Process.

In the present case, Hathaway alleges in her Complaint that Defendants have a policy and/or practice of not paying regularly keeping all the credit card tips left by patrons and earned by Plaintiff and the Potential Potentials. Hathaway alleges that Defendants' hourly non-exempt employees are similarly situated because: (1) they perform substantially similar job duties; (2) patrons left them tips via credit card but Defendants regularly retained the same; and (3) they are otherwise subject to the same unlawful wage and hour policies and practices, specifically, Defendants' retainment of tips left by patrons via credit card. Hathaway's allegations have been substantiated by her sworn Declaration (pursuant to 28 U.S.C. § 1746), which demonstrate that Plaintiff and Potential Plaintiffs share the following similarities:

a. All work as non-exempt hourly employees for Defendants and perform similar job duties [Hathaway Decl. at ¶¶ 2, 18-19];

b. All were deprived of tips collected via Defendants' credit card processing system [Hathaway Decl. at ¶¶ 6-7, 13-15, 19];

c. Defendants regularly retained the credit card tips earned by Plaintiff and Potential Plaintiffs [Hathaway Decl. at ¶¶ 7, 9-10, 13-15, 19]; and

d. All are subject to the same violations of the FLSA's tipping provisions [Hathaway Decl. at ¶¶ 7-14, 17, 19].

The declaration of a single plaintiff averring such robust facts is sufficient for this Court to grant conditional certification. Indeed, courts have routinely approved collective action certifications based on the declarations of only one plaintiff. *See Gonzalez v. Scalinatella, Inc.*, 2013 U.S. Dist. LEXIS 168540, 2013 WL 6171311, at *1 (S.D.N.Y. Nov. 25, 2013) (granting conditional certification motion based on single plaintiff's complaint and declaration); *Hernandez*

5

*v. Bare Burger Dio Inc.,* 2013 U.S. Dist. LEXIS 89254, 2013 WL 3199292, at *1 (S.D.N.Y. June 25, 2013) (approving conditional collective action certification based on a single plaintiff's declaration confirming that he and other employees were paid less than minimum wage and not paid overtime, among other issues); *Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*, 2012 U.S. Dist. LEXIS 76660, 2012 WL 1981507, at *1 (S.D.N.Y June 1, 2012) (approving conditional collective certification based on a single plaintiff's affidavit.)

In this particular case, the declaration of Plaintiff has corroborated documentary evidence and Defendants' own admissions. Documentary evidence shows that Defendants maintain a policy and practice of retaining for themselves the tips earned by Plaintiff and Potential Plaintiffs and this tip policy applies to all employees. Hathaway Decl. at Exhibits A-D. Defendants have freely admitted that they maintain a tip policy that applies to all employees and includes retaining credit card tips for themselves. Hathaway Decl. at ¶¶ 16-18 and 24-25.

Hathaway, therefore, has satisfied the modest "notice" standard. The factual nexus that binds Plaintiff and Potential Plaintiffs together is a clearly demonstrated policy and practice of failing to receive all tips earned by them that were left by patrons via credit card. This policy results in a common injury to Plaintiff and Potential Plaintiffs whereby they are deprived of remuneration to which they are entitled under the FLSA. Therefore, Hathaway should be granted conditional certification.

### IV. PROPOSED NOTICE IS FAIR AND ACCURATE

Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter Plaintiff's proposed notice unless such alteration is necessary. *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 2017 U.S. Dist. LEXIS 141783, *20 (MDNC, September 1, 2017).

Here, the proposed notice is fair and accurate and no alterations are necessary. Plaintiff anticipates Defendants may raise a few of the following issues and preempts those arguments as follows. A 60-90 day notice period for potential plaintiffs is common practice under the FLSA. *Valerio v. RNC Indus*., LLC, 314 F.R.D. 61. 76 (EDNY, March 22, 2016). Courts in the Fourth Circuit have likewise approved a 60-day opt-in period. *Geiger v. H.H. Franchising Sys.,* 2018 U.S. Dist. LEXIS 199970 (WDNC, November 27, 2018); *Mondragon v. Scott Farms, Inc*., 2019 U.S. Dist. LEXIS 19896, *36 (EDNC, February 7, 2019); *Clark v. Williamson*, 2018 U.S. Dist. LEXIS 54311, *25 (MDNC, March 30, 2018).

Notice to be sent by email as well as posting has been approved by North Carolina district courts. *Jahagirdar v. Comput. Haus NC, Inc*., 2020 U.S. Dist. LEXIS 66370, *6 (WDNC, April 15, 2020); *Danford v. Lowe's Home Ctrs., LLC*, 2019 U.S. Dist. LEXIS 171098, *24 (WDNC, October 2, 2019); *Mandragon, supra*, at *36; *Clark, supra, at* 25.

Lastly, the information sought, in computer-readable format, has been approved by North Carolina District Courts. *Jahagirdar, supra,* at *6; *Edwin v. Jiasheng, Inc.*, 2020 U.S. Dist. LEXIS 23278, *7 (WDNC, February 11, 2020); *Danford, supra*, at 24.

**V.     CONCLUSION**

Plaintiff Miranda Hathaway has presented detailed allegations concerning Defendants' unlawful policy and practice of retaining credit card tips due to its non-exempt hourly employees. Because Hathaway has met her nominal burden to show that similarly situated individuals exist who have not been notified about this lawsuit, this Court should implement the collective action provisions of the FLSA and authorize Notice. The Court should grant Hathaway's Motion in its entirety and conditionally certify a collective action and facilitate notice pursuant to 29 U.S.C. §216(b).

Respectfully submitted on this 17th day of August 2021.

>*/s/ L. Michelle Gessner*
>L. Michelle Gessner, NCSB#26590
>GESSNERLAW, PLLC
>602 East Morehead Street
>Charlotte, North Carolina 28202
>Tel: (704) 234-7442
>Fax: (980) 206-0286
>Email: michelle@mgessnerlaw.com
>
>*Attorney for Plaintiff and Putative Class Members*