UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| MIRANDA HATHAWAY, by and through biological mother, natural guardian, next friend and guardian ad litem ANGELA HATHAWAY, and on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SMALLCAKES STEELE CREEK, LLC, SMALLCAKES BALLANTYNE, LLC, IAN BOWLEG AND AYANNA BOWLEG,<br><br>Defendants. | Civil Action No. 3:21-cv-00290-FDW-DSC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND FACILITATE NOTICE PURSUANT TO 29 U.S.C. §216(b)** |

Defendants, Smallcakes Steel Creek, LLC ("Smallcakes Steel Creek"), Smallcakes Ballantyne, LLC ("Smallcakes Ballantyne"), Ian Bowleg ("IB"), and Ayanna Bowleg ("AB"), hereinafter referred to as ("Defendants"), through their undersigned counsel, respond to the Plaintiff's Motion To Conditionally Certify A Collective Action And Facilitate Notice Pursuant to 29 U.S.C. §216(b) [ECF 10] as follows.

## I. Nature of the Matter Before the Court

Plaintiff Miranda Hathaway ("Plaintiff"), by and through her biological mother, natural guardian, next friend and guardian ad litem, Angela Hathaway, asserts four claims against Defendants. Specifically Plaintiff alleges violations of: (a) the Fair Labor Standards Act, 29 U.S.C. § 601 *et seq.* ("FLSA") for wages (tips) allegedly owed to Amanda Hathaway; (b) the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.* ("NCWHA") for wages (tips) allegedly owed to Amanda Hathaway; (c) the FLSA for alleged retaliation; and (d) state

1

common law for alleged unjust enrichment. Plaintiff seeks to pursue her FLSA claims as collective actions pursuant to 29 U.S.C. § 216(b) ("Section 216(b)") on behalf of all "similarly situated" current and former employees of the Defendants. She also seeks to pursue her state law claims as a class action pursuant to Fed. R. Civ. P. 23 ("Rule 23") on behalf of all "similarly situated" current and former employees of Defendants. Defendants deny Plaintiff's entitlement to relief and deny she is entitled to either collective action or class action certification.[1] Plaintiff has now moved the Court to conditionally certify a collection action under Section 216(b) and to facilitate notice to putative collective members.

## II. Defendants do not oppose Conditional Certification

The FLSA provides that a plaintiff may bring a collective action against her employer under Section 216(b) for alleged violations of the FLSA. 29 U.S.C. § 216(b). In a collective action under the FLSA, a named plaintiff represents only herself until a similarly-situated employee opts in as a "party plaintiff" by filing a consent to join the action. *Simmons v. United Mortg. & Loan Inv., LLC,* 634 F.3d 754, 758 (4th Cir. 2011).

In deciding whether an FLSA action may proceed as a collective action, courts in this Circuit utilize a two-step inquiry. *Adams v. Citicorp Credit Servs.,* 93 F. Supp. 3d 441, 452-53 (M.D.N.C. 2015). First, the Court determines whether the Plaintiff and potential opt-ins are "similarly situated" to merit sending notice of the action to putative collective members. If so, notice is sent, and the putative collective members may "opt in" to the action. *Id.* The standard for conditional certification at the notice stage is deemed a lenient one. *Id.* Further, it is usually based only on the pleadings and any affidavits that have been submitted at the early stage of the litigation. *E.g., Myers v. Loomis Armored US, LLC,* 2019 U.S. Dist. LEXIS 123884,

---

[1] Among other things, Smallcakes Ballantyne, the actual employer of Plaintiff, has since direct

* 6 (W.D.N.C. 2019); *Dennis v. Sandhills Emergency Physicians, P.A.,* 2021 U.S. Dist. LEXIS 60673, * 16 (M.D.N.C. 2021) (citations omitted). Second, after discovery is largely completed, the defendant may file a motion seeking to decertify the class, and a higher standard is applied than at the notice stage. *Myers,* 2019 U.S. Dist. LEXIS 123884, * 6. If the Court grants the motion, it will decertify the class and dismiss the opt-in plaintiff from the lawsuit without prejudice. *E.g., Lynch v. Dining Concepts Grp., LLC,* 2015 U.S. Dist. LEXIS 138290, * 9 (D.S.C. 2015).

For purposes of the notice stage only, and without prejudice to any arguments Defendants may make at the decertification stage or at any other point in this litigation, Defendants will not oppose conditional certification. Defendants concede that on the face of the Complaint and Plaintiff's submitted Declaration [ECF 11-1], the lenient standard for conditional certification has been met.

### III.  Defendants Oppose the Notice Provisions and Content Proposed by Plaintiff

While Defendants consent to conditional certification as set forth above, they do not consent to the notice provisions or content proposed by Plaintiff. District courts have wide discretion in facilitating notice to putative collective members and may alter the content of the proposed notice. *Moss v. Senior Care Carolinas, PLLC*, 2020 U.S. Dist. LEXIS 112439, * 12-13 (W.D.N.C. 2020) (citations omitted). When exercising its broad discretion to craft notices to putative collective members, the Court is required to ensure that the notice provides "accurate" information so that the potential plaintiffs can make informed decisions about possible participation in the lawsuit. *Lynch,* 2015 U.S. Dist. LEXIS 138290, * 19 (citations omitted). Courts must ensure that potential plaintiffs are not "misled" by the notices sent to them. *Thaxton*

---

deposited to her bank account all of the credit card tips allegedly owed to her.

*v. Bojangles, Inc.*, 2019 U.S. Dist. LEXIS 81116, * 4 (W.D.N.C. 2019(citations omitted). The Court should use its discretion to modify the proposed Notice so that it is fair, accurate and not misleading, and as further specified below.

### A. The Content of the Proposed Notice is Not Fair or Accurate

First, Defendants oppose the statement in the proposed Notice, Section I, that says, "You are receiving this Notice because you are 'similarly situated' to the Plaintiff and eligible to join this lawsuit." Given the low threshold showing at the notice stage, and to prevent later unfair preclusive effect, Defendants believe this statement should be revised to add the following underlined words, "You are receiving this Notice because you are <u>alleged to be</u> 'similarly situated' to the Plaintiff and <u>are thus</u> eligible to join this lawsuit."

Second, Defendants oppose the description of the lawsuit in Section II of the proposed Notice because it is not fair or accurate because it gives only Plaintiff's perspective of the case. The Notice should expressly say that Defendants deny the allegations in the Complaint. *E.g., Moss,* 2020 U.S. Dist. LEXIS 112439, * 15 (requiring such language to be added to the notice in a purported FLSA collective action brought by this same plaintiff's counsel); *Geiger v. H.H. Franchising Sys.,* 2018 U.S. Dist. LEXIS 199970, * 5-7 (W.D.N.C. 2018)(requiring such language to be added to the notice in a purported FLSA collective action brought by this same plaintiff's counsel); *Myers,* 2019 U.S. Dist. LEXIS 134459, * 4 (requiring the addition of language that defendant denied that it violated the FLSA or NCWHA, denied it failed to properly pay its employees, and denied that it is liable to Plaintiff under any circumstances). Defendants believe that similar language must be added to Section II.

Third, the Defendants oppose the description in the lawsuit in Section II because it does not say that no decision on the merits of the Plaintiff's claims has been reached. Such language

should be added to show the impartiality of the Court at this juncture and to alleviate the risk that the putative collective members mistakenly think that the Court has already found merit to the Plaintiff's claims. *E.g., Geiger,* 2018 U.S. Dist. LEXIS 199970, * 5-6 (noting that trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the lawsuit) (citation omitted); *Myers,* 2019 U.S. Dist. LEXIS 134459, * 4-5 (requiring language to be added to the notice saying "Nothing in this Notice is intended as an expression of the Court's opinion about the merits of Plaintiff's claims or about whether you should join this lawsuit. There is no money available now, and no guarantee there will be any. However, your legal rights are affected, and you have a choice to make now, and you must act before" the stated deadline). Defendants believe the language added by this Court in *Myers* would be appropriate here as well.

Fourth, Defendants oppose the statement in the proposed Notice, Section IX, that says, "*You must timely return this form to preserve your rights." This is unfair and misleading because the putative collective members may choose not to join Plaintiff's lawsuit and may still file their own lawsuit should they decide to do so. To avoid the confusion and prejudice caused by the proposed wording, Defendants believe that statement should be revised to add the following underlined words, "*You must timely return this form <u>in order to opt-in to the collective action filed by Miranda Hathaway. If you do not want to participate in the collective action filed by Miranda Hathaway, you should not return this form</u>."

Fifth, and for the same prejudicial reasons, the following language on the last page of the proposed consent should be removed, "*Statute of limitations concerns mandate that you return this form as soon as possible to preserve your rights." Putative collective members may preserve their rights, and combat statute of limitations concerns, by filing their own complaint, should they decide to do so. The proposed wording tricks them into thinking that the only way to

5

preserve their rights is to file the Consent, which is false.

Sixth, the notice is misleading and unfair because it does not state that the opt-ins may have to participate in the litigation, including discovery. A sentence should be added in Section V that says, "Opt-in plaintiffs may be required to participate in the discovery process by producing documents, participating in oral depositions, and testifying at a hearing or trial." *Moss,* 2020 U.S. Dist. LEXIS 112439, * 14-15 (requiring such language to be added to the notice in a purported FLSA collective action brought by this same plaintiff's counsel); *Myers,* 2019 U.S. Dist. LEXIS 134459, * 6 (requiring the addition of language addressing the putative plaintiffs' obligation to participate in the case should they opt in).

Seventh, the notice is misleading because it does not state that the opt-in plaintiffs may have to pay Defendant's attorneys' fees if Plaintiff is unsuccessful. A sentence should be added in Section V that says, "Should Plaintiff be unsuccessful, all opt-in plaintiffs may have to pay a pro-rata share of Defendants' attorneys' fees." *Moss,* 2020 U.S. Dist. LEXIS 112439, * 14-15 (requiring such language to be added to the notice in a purported FLSA collective action brought by this same plaintiff's counsel).

Eighth, Defendants oppose the reference to "Tiffany Wade" in Section V of the proposed notice, as there is no "Tiffany Wade" purportedly associated with this matter and is thus not accurate. Further, Defendants state that the duplicative wording ("to recover to recover") found on the first page of the proposed Consent should be removed.

### B. The Opt In Period Should be no Longer Than Sixty Days in Length

The 90-day proposed opt-in period is too long. Courts routinely set 60-day notice periods, and this case should be no exception. *E.g., Ramirez v. T&D Custom Fences & Decks, LLC*, 2021 U.S. Dist. LEXIS 38161, * 4 (E.D.N.C. 2021)(setting a 60-day notice period in an

FLSA collective action filed by this same plaintiff's counsel); *Moss,* 2020 U.S. Dist. LEXIS 112439, * 16 (setting a 60 day notice period in an FLSA collective action filed by this same plaintiff's counsel); *Geiger,* 2018 U.S. Dist. LEXIS 199970, * 7 (setting a 60 day notice period in an FLSA collective action filed by this same plaintiff's counsel). There are no unusual circumstances that would support a longer opt-in period. Among other things, the putative collective is small, and putative collective members are all believed to live in North Carolina. This is not a case where notice must be sent to hundreds or thousands of people or nationwide.

### C. Notice Should be Sent Only by U.S. Mail

The notice should be sent only by U.S. Mail, not also by email or posting. Plaintiff has made no special showing that sending notice to putative collective members would not be effective via U.S. Mail. The putative collective is small, and putative collective members are all believed to live in North Carolina. This is not a case where notice must be sent to hundreds or thousands of people or nationwide. As such, notice by U.S. mail only is sufficient. *E.g., Geiger,* 2018 U.S. Dist. LEXIS 199970, * 7 (declining to allow notice to be sent by email, which the court found to be "inappropriate" in an FLSA collective action filed by this same plaintiff's counsel); *Myers,* 2019 U.S. Dist. LEXIS 134459, * 7-8 (declining to allow notice by email and finding it to be "inappropriate"); *Moseman v. U.S. Bank N.A.,* 2018 U.S. Dist. LEXIS 98427, * 6-7 (W.D.N.C. 2018) (same). Alternatively, if the Court is going to allow the notice to also be posted, Defendants request that the notice period be shortened further to thirty (30) days.

### D. Plaintiff is Not Entitled to Some of the Data Demanded

Plaintiff is not entitled to the Social Security numbers, dates of birth, phone numbers, or email addresses of each putative collective member at this juncture. Requiring production of such information is invasive and raises privacy concerns. Indeed, courts in this circuit require a

showing of "special need" prior to requiring disclosure of telephone numbers. *Lynch,* 2015 U.S. Dist. LEXIS 138290, * 13 (citation omitted). Plaintiff has not shown any special need that would justify providing the invasive personal information requested here. *E.g., Moss,* 2020 U.S. Dist. LEXIS 112439, * 16 (denying plaintiff's request for telephone numbers, Social Security numbers and dates of birth in an FLSA collective action filed by this same plaintiff's counsel); *Geiger,* 2018 U.S. Dist. LEXIS 199970, * 7 (declining to require production of email addresses in an FLSA collective action filed by this same plaintiff's counsel); *Amrhein v. Regency Mgmt. Servs., LLC,* 2014 U.S. Dist. LEXIS 36477, * 10 (D. Md. 2014)(absent a showing of special need, disclosure of telephone numbers, Social Security numbers, and dates of birth is "inappropriate").

### IV.     Summary

For the foregoing reasons, Defendants do not oppose conditional certification, with preservation of their rights going forward, but they do not consent to the notice provisions or content proposed by Plaintiff. The Court should use its discretion to modify the proposed Notice so that it is fair and accurate and as otherwise specified herein.

### V.     Certificate of Compliance with Word Count

I hereby certify that this Memorandum was prepared using Microsoft Word, which reports that it contains 2,702 words inclusive of the case caption, headings, footnotes, citations and signature lines. I declare under penalty of perjury that the foregoing is true and correct.

(*Signature Block On Following Page*)

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/Amy Y. Jenkins*
Amy Y. Jenkins, N.C. Bar No. 20007
735 Johnnie Dodds Blvd, Suite 200 (29464)
Post Office Box 650007
Mt. Pleasant, South Carolina 29465
Telephone: (843) 576-2900
Email: amy.jenkins@mgclaw.com

ATTORNEYS FOR DEFENDANTS

August 26, 2021

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| MIRANDA HATHAWAY, by and through biological mother, natural guardian, next friend and guardian ad litem ANGELA HATHAWAY, and on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>SMALLCAKES STEELE CREEK, LLC, SMALLCAKES BALLANTYNE, LLC, IAN BOWLEG AND AYANNA BOWLEG,<br><br>    Defendants. | Civil Action No. 3:21-cv-00290-FDW-DSC<br><br>**CERTIFICATE OF SERVICE** |

  I hereby certify that on the 26th day of August, 2021, I electronically filed the foregoing ***Defendants' Response To Plaintiff's Motion To Conditionally Certify A Collective Action And Facilitate Notice Pursuant To 29 U.S.C. §216(b)*** with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

    L. Michelle Gessner, NCSB #26590
    Nicole K. Haynes, NCSB #47793
    John G. Hutchens III, NCSB #52214
    GessnerLaw, PLLC
    602 East Morehead Street (28202)
    P. O. Box 78161
    Charlotte, North Carolina 28271
    (704) 234-7442
    Email: michelle@mgessnerlaw.com
    Email: nicole@mgessnerlaw.com
    Email: johnny@mgessnerlaw.com

    ***ATTORNEYS FOR PLAINTIFF AND***
    ***PUTATIVE CLASS/COLLECTIVE***

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/Amy Y. Jenkins*
Amy Y. Jenkins, N.C. Bar No.: 20007
735 Johnnie Dodds Blvd, Suite 200 (29464)
Post Office Box 650007
Mt. Pleasant, South Carolina 29465
Telephone: (843) 576-2900
Email: amy.jenkins@mgclaw.com

ATTORNEYS FOR DEFENDANTS