| | |
|---|---|
| ANGELA HATHAWAY,<br><br>   Plaintiff,<br><br> v.<br><br>SMALLCAKES STEELE CREEK, LLC<br>IAN BOWLEG<br>SMALLCAKES BALLANTYNE, LLC<br>AYANNA BOWLEG,<br><br>   Defendants. | **ORDER** |

THIS MATTER is before the Court on Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice. (Doc. No. 10). The Motion has been fully briefed and is ripe for review. (Doc. Nos. 14, 15). For the reasons stated below, the Court GRANTS Plaintiff's Motion, subject to the terms set forth herein. (Doc. No. 10).

**I. BACKGROUND**

Plaintiff Angela Hathaway, by and through her mother and guardian ad litem, and on behalf of herself and those similarly situated, filed this action against Defendants on June 6, 2016. (Doc. No. 1). Plaintiff alleges Smallcakes Steele Creek, Ian Bowleg, Smallcakes Ballantyne, and Ayanna Bowleg (collectively, "Defendants") have violated the Fair Labor Standards Act ("FLSA"), the North Carolina Wage and Hour Act ("NCWHA") and are liable for unjust enrichment under North Carolina common law. (Doc. No. 1).

According to the Complaint, Plaintiff was hired as a cashier by Defendant Smallcakes Ballantyne on or around January 2, 2021. (Doc. No. 1). As a cashier, Plaintiff was a non-exempt

1

hourly tipped employee. Id. at p. 6. Tips were generally left by customers either by depositing cash into the tip jar or by leaving a credit card tip. Id. Plaintiff alleges that, while some customers left tips in the tip jar, the majority of Smallcakes customers tipped via Smallcakes' credit card processing system. Id. Plaintiff alleges Defendants allowed her and other similarly situated employees to keep only the tips deposited in the tip jar. Id. Defendants are alleged to have wrongfully retained the tips collected via the credit card processing system, which amounted to significantly more money than the tips collected via the tip jar. Id. at pp. 6-7.

When Plaintiff confronted Defendants Ian and Ayanna Bowleg about her concerns, Defendants allegedly told Plaintiff that she, and other hourly tipped employees, would be paid a discretionary bonus in lieu of the credit card tips. Id. at pp. 7-8. At least one employee is alleged to have not received a discretionary bonus. Id. at p. 7. Plaintiff further alleges Defendants Ian and Ayanna Bowleg threatened to—and did—retaliate against Plaintiff if Plaintiff continued to "push the issue of tip withholding." Id. at p. 9. Such retaliatory actions allegedly included removing the tip jar from the counter and cutting Plaintiff's hours from "20 hours per week to five hours per week." Id.

Plaintiff filed the instant lawsuit, seeking damages on behalf of herself and others similarly situated.

## II. MOTION TO CONDITIONALLY CERTIFY COLLECTIVE

Plaintiff filed the instant motion, seeking conditional certification of a collective action pursuant to Section 216(b) of the FLSA. (Doc. No. 10). Defendant does not oppose conditional certification. (Doc. No. 14, p. 2). Accordingly, the Court GRANTS Plaintiff's Motion seeking conditional certification of a collective action.

2

**III. NOTICE**

Plaintiff also seeks this Court's approval of her proposed Notice to be sent to alleged collective members. (Doc. No. 11, p. 6). Defendants object to some of the content and language of the proposed Notice. (Doc. No. 14). In her response, Plaintiff agrees to some, but not all, of the changes proposed by Defendants. (Doc. No. 15, pp. 2). As such, the Court ORDERS the agreed-upon changes to be incorporated into the Notice sent to alleged members of the collective.

As to the remaining proposed changes, the Court has "wide discretion in facilitating notice to potential claimants." Danford v. Lowe's Home Ctrs., LLC, No. 5:19-cv-00041-KDB-DCK, 2019 WL 4874823, at *3 (W.D.N.C. Oct. 2, 2019) (citing Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)). The Court's wide discretion includes the ability to alter the content of the notice. Danford, 2019 WL 4874823, at *3; see also Moss v. Senior Care Carolinas, PLLC, No. 3:20-cv-00137-FDW-DCK, 2020 WL 3472600, at *4 (W.D.N.C. June 25, 2020). The Court will address each of Defendant's remaining proposed changes, and Plaintiff's responses in opposition, in turn.

First, Defendant seeks to change some of the language under "IX. FURTHER INFORMATION." (Doc. No. 14, p. 5). The Notice currently reads: "*You must timely return this form to preserve your rights," and Defendants propose the following change: "*You must timely return this form in order to opt-in to the collective action filed by Miranda Hathaway. If you do not want to participate in the collective action filed by Miranda Hathaway, you should not return this form." Id. Plaintiff objects to this change, arguing that the additional language is redundant of the language contained under "VI. NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT." (Doc. No. 15, p. 2).

The Court agrees with Defendants that the language in the proposed Notice may be confusing to potential plaintiffs, particularly because the language is emphasized with an asterisk.

3

Accordingly, the Notice should be changed to read: "*You must timely return this form in order to opt-in to the collective action filed by Miranda Hathaway. If you do not want to participate in the collective action filed by Miranda Hathaway, you should not return this form."

Second, Defendant objects to the following language on the proposed consent form, (Doc. No. 10-2): "*Statute of limitations concerns mandate that you return this form as soon as possible to preserve your rights." The Court agrees with Defendants that the bolded language suggests to potential plaintiffs that the only way they can preserve their rights is by joining the collective action. Thus, the proposed consent form should remove the bolded language regarding the statute of limitations.

Third, Defendants seeks to include language informing potential plaintiffs of their role in the litigation. Defendants ask to include the following language in "V. EFFECT OF JOINING THIS LAWSUIT": "Opt-in plaintiffs may be required to participate in the discovery process by producing documents, participating in oral depositions, and testifying at a hearing or trial." Plaintiff opposes such inclusion, arguing that courts have found notices need not include information about the opt-in plaintiffs' litigation costs and obligations. (Doc. No. 15, p. 3). The Court is not persuaded by Plaintiff's argument and finds Defendants' proposed language to be consistent with recent cases in this District. See Moss, 2020 WL 3472600, at *5 (approving language informing opt-in plaintiffs about their discovery obligations "to ensure that each individual is fully informed"); Danford, 2019 WL 4874823, at *8 (including language informing opt-in plaintiffs of their discovery obligations in the court-approved Notice). Accordingly, to ensure opt-in plaintiffs are aware of their potential obligations, the following language should be added to the section entitled "V. EFFECT OF JOINING THIS LAWSUIT": "Opt-in plaintiffs may

4

Case 3:21-cv-00290-FDW-DSC     Document 16     Filed 09/07/21     Page 4 of 7

be required to participate in the discovery process by producing documents, participating in oral depositions, and testifying at a hearing or trial."

Fourth, Defendants ask to include the following language under "V. EFFECT OF JOINING THIS LAWSUIT": "Should Plaintiff be unsuccessful, all opt-in plaintiffs may have to pay a share of Defendants' attorneys' fees." (Doc. No. 14, p. 6). Plaintiff objects to the inclusion of such language, arguing the FLSA does not allow for attorney fee awards to a prevailing defendant. (Doc. No. 15, p. 4). The Court agrees with Plaintiff. See Mode et al. v. S-L Distrib. Co., LLC, et al., No. 3:18-cv-00150-KDB-DSC, 2021 WL 3921344, at *17 (W.D.N.C. Sept. 1, 2021) ("There is no comparable statutory authority for the award of attorneys' fees to a prevailing defendant." (citing E.E.O.C. v. Clay Printing Co., 13 F.3d 813, 817) (4th Cir. 1994)). Accordingly, the Court does not approve Defendants' proposed language as to attorneys' fees. However, in ensuring all opt-in plaintiffs are fully informed of their obligations as to *costs*, the Court directs Section V to include the following sentence: "Should Plaintiff be unsuccessful, you may be required to pay a pro-rata share of Defendants' costs in defending the lawsuit."

Fifth, Defendants seek to reduce the opt-in period from 90 days to 60 days. (Doc. No. 14, p. 6). Plaintiff opposes the reduction, but the Court finds a 60-day opt-in period to be appropriate. As Plaintiff points out, all potential plaintiffs are "mostly teenagers and young adults living with their parents" in the greater Charlotte area. Sixty days is sufficient time for a relatively small number of opt-in plaintiffs located in the same geographical area to receive and respond to Notice of this lawsuit. The 60-day period should be made explicit in the section entitled: "IV. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT.".

Sixth, Defendants object to sending the Notice via email and posting at places of employment. (Doc. No. 14, p. 7). This Court has regularly "approved posting Notices at places of

employment on numerous occasions" as well as via email. Moss, 2020 WL 3472600, at *6 (collecting cases). The Court accordingly approves dissemination of the Notice via email, U.S. Mail, and by posting such Notice at the relevant place of employment.

Finally, Defendants object to Plaintiff's request to provide potential opt-in plaintiffs' Social Security numbers, telephone numbers, email addresses, and dates of birth. (Doc. No. 14, pp. 7-8). "While courts have routinely approved requests for . . . email addresses, courts have been more reluctant to authorize the disclosure of other private information, such as telephone numbers" absent a special showing. See Moss, 2020 WL 3472600, at *6 (disallowing plaintiff from seeking the telephone numbers, Social Security numbers, and dates of birth from opt-in plaintiffs) (citation and quotation omitted). Here, Plaintiff has alleged no special reason for requiring telephone numbers, Social Security numbers, and dates of birth. Absent this special showing, and in an effort to protect the privacy of potential opt-in plaintiffs, the Court denies Plaintiff's request for telephone numbers, Social Security numbers, and dates of birth for potential opt-in plaintiffs. However, Defendant is required to submit to Plaintiff the names, addresses, dates of employment, and email addresses of potential opt-in plaintiffs in a "computer readable format" within fourteen (14) days of this Order.

### IV. CONCLUSION

1. Plaintiff's Motion, (Doc. No. 10), for collective action certification is GRANTED on the terms set forth herein.
2. The case shall proceed with respect to the FLSA claims as a collective action under 29 U.S.C. § 216(b).
3. For purposes of Plaintiff's FLSA claim, the collective is defined as follows:

All current and former non-exempt hourly tipped employees who are or were employed by Smallcakes Steele Creek, LLC, Smallcakes Ballantyne, LLC, Ian Bowleg and/or Ayanna Bowleg beginning June 16, 2018 to the present.

4. Pursuant to Fed. R. Civ. P. 23(g), Plaintiff's counsel shall serve as counsel for the collective.

5. Defendant shall provide Named Plaintiff's counsel the last known names, addresses, dates of employment, and email addresses of potential opt-in plaintiffs in a computer readable format of all putative collective members who worked for Defendant at any time from June 16, 2018, to present within fourteen (14) days of this Order.

IT IS SO ORDERED.

Signed: September 7, 2021

Frank D. Whitney
United States District Judge