UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00290-FDW-DSC

| | |
|---|---|
| MIRANDA HATHAWAY, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> SMALLCAKES STEELE CREEK, LLC ) </br> AYANNA BOWLEG ) </br> SMALLCAKES BALLANTYNE, LLC ) </br> IAN BOWLEG, ) </br> ) </br> Defendant. ) </br> ) | ORDER |

THIS MATTER is before the Court on the parties' Joint Motion to Approve Settlement and Stay all Deadlines Until Settlement Payments Are Completed, (Doc. No. 22). Neither party requested a hearing, and the Court finds the issues sufficiently briefed. For the reasons stated herein and in the Motion, the Motion is GRANTED WITH MODIFICATION, the Settlement is APPROVED, and this matter shall remain OPEN with all deadlines STAYED through August 19, 2022.

## I.  BACKGROUND

Plaintiff Miranda Hathaway ("**Hathaway**") filed the instant lawsuit on June 16, 2021, by and through her mother, Angela Hathaway, on behalf of herself and all others similarly situated, and asserted claims for: (1) violation of the Fair Labor Standards Act (the "**FLSA**") for failure to pay tipped wages; (2) failure to pay wages pursuant to the North Carolina Wages and Hour Act, N.C. Gen. Stat. 95-25.2 and 95-25.3; (3) retaliation in violation of the FLSA; and (4) unjust enrichment under North Carolina common law. (Doc. No. 1). Additionally, Hathaway asserted

1

individual violations of the Retaliatory Employment Discrimination Act, N.C. Gen. Stat. §§ 95-240 *et seq*. through a complaint filed with the North Carolina Department of Labor on August 24, 2021. Hathaway sought, and this Court granted, conditional certification of a collective action pursuant to Section 216(b) of the FLSA. See (Doc. No. 16). Hathaway sent Notice with respect to the FLSA claim to the collective defined as: "All current and former non-exempt hourly tipped employees who are or were employed by Smallcakes Steele Creek, LLC, Smallcakes Ballantyne, LLC, Ian Bowleg and/or Ayanna Bowleg beginning June 16, 2018 to the present." (Doc. No. 16, p. 6–7). On October 7, 2021, Jamyia Coletrane ("**Coletrane**") filed a Consent to opt-in as an additional plaintiff, part of the collective action in this lawsuit. (Doc. No. 18). Since the commencement of this action, the parties "conducted a thorough investigation; propounded multiple sets of discovery; [exchanged] [h]undreds of pages of documents and data . . . , including Plaintiffs' time records, schedules, payroll records, emails, text messages, audio and video recordings, documents related to their job duties and responsibilities, and Defendants' policy and procedural manuals." (Doc. No. 22, p. 3). On January 21, 2022, in a mediated settlement conference, the parties reached a settlement, (Doc. No. 21), and on February 2, 2022, executed a Settlement and General Release Agreement (the "**Settlement Agreement**"), (Doc. No. 22-1). Accordingly, this Court is now presented with the parties jointly filed Motion for approval of the proposed settlement. (Doc. No. 22).

As set forth in the Settlement Agreement, Defendants agree to pay a total amount of $99,750.00 to Plaintiffs and their attorneys in exchange for a "General Release," releasing certain "Released Parties," as defined in the Settlement Agreement, from "all … claims" through February 2, 2022. See (Doc. No. 22-1, pp. 15-18). Specifically, the Settlement Agreement provides that

2

Case 3:21-cv-00290-FDW-DSC   Document 23   Filed 04/18/22   Page 2 of 7

Defendants will pay Hathaway a total amount of $35,441.00, which includes an enhancement fee; Coletrane a total amount of $4,425.30; and Plaintiffs' attorneys fees and costs in the amount of $59,883.70, all over a period of 120 days from the date of this Order. Id.

## II. JOINT SETTLEMENT APPROVAL

When an action is brought against an employer under the FLSA, any settlement "must be presented to the district court for review and determination that the settlement is fair and reasonable." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018). A court may only approve an FLSA settlement if the settlement is a "fair and reasonable compromise of disputed claims and issues arising from a *bona fide* dispute raised pursuant to the FLSA." Id. at 502 (emphasis in original) (citation omitted). Accordingly, "[t]he Court must ensure: (1) FLSA issues are actually in dispute; (2) the proposed settlement to those issues is fair and reasonable in light of relevant factors from Rule 23; and (3) the proposed attorneys' fees are reasonable, if included in the agreement." Thaxton v. Bojangles' Restaurants, Inc., 3:18-cv-00665-MOC-DCK, 2020 WL 6997891, at *2 (W.D.N.C. Mar. 4, 2020).

### a. Bona Fide Dispute

As set forth above, the Court must first determine whether a *bona fide* dispute exists. Id. "A bona fide dispute is one in which there is some doubt whether the plaintiff would succeed on the merits at trial." Mitchell v. Accelerated Claims, Inc., 3:19-cv-710-FDW-DSC, 2021 WL 6882313, at *1 (W.D.N.C. Dec. 30, 2020) (citations omitted). In making this determination, a court looks to the pleadings and proposed settlement agreement. Id. (citations omitted). After careful review of the record, this Court finds FLSA issues are clearly in dispute in the present action. Plaintiffs allege Defendants failed to pay tipped wages and retaliated against Hathaway in

3

violation of the FLSA. (Doc. No. 1). Defendants deny allegations that they owe any further wages to their employees or former employees, and further claim they were acting with objective and subjective good faith in paying the correct wages to employees. (Doc. No. 21, p. 2). Throughout this litigation, the parties have exchanged numerous sets of discovery, including hundreds of pages of documents and data. Id. at 3. Accordingly, a *bona fide* dispute exists between the parties.

### b. Fair and Reasonable

As previously stated, once the Court determines a *bona fide* dispute exists, the Court must review the proposed settlement to determine if it is fair and reasonable. Kirkpatrick, 352 F. Supp. 3d at 502. In reviewing the proposed settlement for its fairness and reasonableness in the FLSA settlement context, and in line with other courts within the Fourth Circuit, the Court considers the following factors from Rule 23(e) of the Federal Rules of Civil Procedure:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

Id. at 502–03 (quoting Hargrove v. Ryla Teleservices, Inc., 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013). In evaluating these factors, a court should keep in mind the "strong presumption in favor of finding a settlement fair." Id. (quoting Lomascolo v. Parsons Brinkerhoff, Inc., 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).

Considering these factors, the Court finds the proposed settlement is fair, reasonable, and in the best interest of Plaintiffs. First, it is undisputed that extensive discovery has taken place, including the exchange of Plaintiffs' time records, schedules, payroll records, emails, text messages, audio and video recordings, documents related to their job duties and responsibilities,

4

and Defendants' policy and procedural manuals, (Doc. No. 22, p. 3).  Second, it is clear that "continued litigation, including trial, with respect to Plaintiffs' claims would be protracted, expensive, long, [and] contrary to their best interests[.]" Id.  Third, there is no evidence of fraud or collusion.  The parties reached this settlement after a lengthy mediation in which all parties, who were represented by counsel and have conflicting, unabandoned positions on the merits of this action, sought resolution.  Id.  In the absence of evidence to the contrary, "[t]here is a presumption no fraud or collusion occurred between counsel." Lomascolo, 2009 WL 3094955, at *12.  As to the Fourth factor, the parties assert the Settlement Agreement "was crafted at arm's length by experienced counsel on both sides following contested litigation."  (Doc. No. 22, p. 2). Finally, regarding the Fifth and Sixth factors, the parties assert, and the Court agrees, the proposed settlement "mitigates the risk and costs on both sides that proceeding further presents, and [allows] Plaintiffs to avoid further delay in receiving any possible recovery."  (Doc. No. 22, p. 5). Defendants have agreed to pay Hathaway a total of $35,441.00 for tipped wages, liquidated damages, damages for individual retaliatory claims, a general release, and an enhanced payment. (Doc. No. 22-1, pp. 3, 6).  Similarly, Defendants have agreed to pay opt-in Plaintiff Coletrane a total of $4,425.30 for tipped wages, liquidated damages for tipped wages, and a general release. Id. at 3-4.  These payments are in addition to, and independent of, the attorneys' fees and costs Defendants have agreed to pay to Plaintiffs' counsel.  There is no indication Plaintiffs would receive more than provided in this settlement if the case were to proceed to trial, especially considering the enhancement fee to Hathaway and Defendants' willingness to pay attorneys' fees and costs separate from the class members.  The Court therefore finds the payments reasonable as compared to the probability of Plaintiffs' success on the merits and the amount of settlement

5

compared to potential recovery. Based on the foregoing, this Court finds the proposed settlement to be fair and reasonable.

### c. Attorney's Fees

"Under the FLSA, [a] court is authorized to award a reasonable attorney's fee to be paid by the defendant, and costs of the action, in addition to any judgment awarded to the plaintiff." Kirkpatrick, 352 F. Supp. 3d at 503 (internal quotation omitted) (quoting 29 U.S.C. § 216(b) (2018). With respect to Plaintiffs' attorneys' fees, the Court will, under the particular circumstances of this case, including, but not limited to, the fact that the fees will be paid independent of the money being paid to the Plaintiffs, also approve the parties' negotiated agreement as to the amount of those fees. See Blaney v. Charlotte-Mecklenburg Hospital Authority, 3:10-cv-592, 2012 WL 13012965, at *3 (W.D.N.C. Aug. 13, 2012) ("The settlement contemplates total compensation for Plaintiff's counsel… which the Court finds reasonable…. The Plaintiffs in this case have not only withheld objection to the settlement, they have each signed off and agreed upon the settlement."); McBean v. City of New York, 233 F.R.D. 377 (S.D.N.Y. 2006) ("If, however, money paid to the attorneys is entirely independent of money awarded to the class, the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members.").

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Parties' Joint Motion to Approve Settlement and Stay All Deadlines Until Settlement Payments are Completed, (Doc. No. 22), is GRANTED WITH MODICATION as set forth below. The Court will retain jurisdiction over this matter pending

payment in accordance with the Settlement Agreement. Accordingly, all deadlines in this case are STAYED through August 19, 2022.

The parties are FURTHER ORDERED to file a Joint Stipulation notifying the Court once all payments have been made. In the event the parties fail to file such Joint Stipulation by August 19, 2022, or otherwise fail to inform the Court of the necessity to keep this case open after August 19, 2022, the Court will dismiss this case with prejudice without further notice.

IT IS SO ORDERED.

Signed: April 15, 2022

Frank D. Whitney
United States District Judge